Chief Justice Robertson,
delivered the opinion of the court. •
Spears, as assignee of Richardson, sued Chrisman on a promissory note, for §170 78 cents, due the 1st of January, 1823.
Chrisman pleaded payment, and the jury fouhd a verdict for him on that issue.
Two credits appear to have been endorsed on the note; one for §17, paid April 8th, 1821, the other for §101 50 cents, paid June 20th, 1825.
Chrisman proved, that on the 1st of October, 1825, he and Spears had a settlement; that he then paid him money, and that Spears had acknowledged, that he had received money, on account of the note, on the 1st of October, 1825, but said that a credit for it was endorsed on the note. He also made affidavit, that he had held a receipt from Spears, “for seventy odd dollars,” which had not been endorsed as a credit on the note,and which receipt he had lost, and then proved, that he had held such a receipt, but did not prove expressly, thatthe signature of thename of Spears was in Spears’s handwriting.
The counsel for Spears objected to the testimony in relation to the receipt, as inadmissible, and the only question presented for consideration, is whether, the evidence was competent or not?
The affidavit of the loss of the receipt authorized parol evidence of its contents. And though, there was no direetproof of its genuineness, the fact, that Chrisman held such a paper, and for about the amount due on the 1st of October, 1825; that he, on that day, had a settlement with Spears, and paid him money, which was not denied, and that there was no credit endorsed for that payment, tended to fortify the inference, that the receipt was genuine, and was for an amount sufficient to extinguish the note, and was for a payment on the note. And therefore, the proof as to the existence and contents of the receipt was admissible, as a legitimate circumstance, entitled to some effect, when connected with the other facts.
■Hewitt, for appellant'; Crittenden, for appellee:
Wherefore, the judgment of tire circuit court is affirmed.